IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

METROPOLITAN LIFE INSURANCE
COMPANY,

      Plaintiff,

      vs.                                            No. CIV 97-1334 JC/JHG

ADAH G. PABLO, HILDA PABLO,
and DEVIN PABLO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant Adah Pablo's Motion for Summary Judgment, filed March 27, 1998 (Doc. No. 16) , and Defendants Hilda Pablo and Devin Pablo's Motion for Summary Judgment, filed March 27, 1998, which was included in their response (Doc. No. 18) to Adah Pablo's motion. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Adah G. Pablo's motion is well taken and will be granted. Hilda Pablo and Devin Pablo's motion is not well taken and will be denied.

### Background

This interpleader suit involves a dispute regarding the distribution of life insurance proceeds of Arthur Pablo. Mr. Pablo died January 28, 1997. Mr. Pablo was an employee of the Bureau of Indian Affairs and was covered under the "FEGLIA" policy (Federal Employees Group Life

Insurance Act of 1994) issued by MetLife.[1]  As contained in his official personnel file, Mr. Pablo made the following beneficiary designation on February 13, 1996:

>ADAH G. PABLO *          . . .   MOTHER    100%
>OTHERWISE TO:
>VICKI LYNN HAND *        . . .   SISTER    100%
>
>*ENTRUSTED TO ABOVE . . .        SON       100%
>INDIVIDUALS UNTIL MY SON,
>DEVIN PABLO, TURNS THE AGE
>OF 18. (09/19/2002).

Mr. Pablo and Hilda Pablo were divorced on January 25, 1996.  The Final Order of Dissolution of Marriage provided Mr. Pablo would "maintain his current life insurance coverage on his life for the benefit of the minor child."

Metropolitan Life Insurance Company ("MetLife") filed an interpleader action and was dismissed from this case with prejudice.  MetLife deposited Mr. Pablo's insurance proceeds with the Clerk of the United States District Court for the District of New Mexico.  Defendant Adah Pablo contends that, pursuant to FEGLIA, the funds were designated to her until Devin Pablo turns eighteen years old and, thus, the proceeds should be paid immediately to her.  Defendant Hilda Pablo, Mr. Pablo's ex-wife and personal representative of his estate, and Defendant Devin Pablo, Mr. Pablo's son, argue the New Mexico District Court has exclusive jurisdiction regarding the "trust" for Devin Pablo.  In their response to Adah Pablo's motion, Defendants Hilda and Devin Pablo move for summary judgment against Defendant Adah Pablo and pray this Court transfer the insurance proceeds to the Second Judicial District Court, Bernalillo County, State of New Mexico.

---

[1] Pursuant to FEGLIA, the Office of Personnel Management ("OPM") was authorized to purchase a group life insurance policy, which in this case was MetLife.  Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the federal question presented.

**Analysis**

The FEGLIA, 5 U.S.C. § 8705(a), mandates that the proceeds of an insured's FEGLIA coverage are to be paid as follows:

> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, [for retirees], in the Office of Personnel Management. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

The FEGLIA proceeds are to be paid to the designated beneficiary and no other. See, e.g., Metropolitan Life Ins. Co. v. McMorris, 786 F.2d 379 (10th Cir. 1986) (holding FEGLIA proceeds be paid to beneficiaries and not minor child, despite agreement in divorce decree to the contrary); Ridgway v. Ridgway, 454 U.S. 46, 56 (1981) (noting with regard to a comparably construed SGLIA policy that "Congress has spoken with force and clarity in directing that the proceeds belong to the beneficiary and no other.").

Mr. Pablo designated the proceeds of his FEGLIA policy be entrusted to Adah G. Pablo until Devin Pablo turns eighteen years old. I find no conflict between Mr. Pablo's designation and the state district court's order. Mr. Pablo did maintain life insurance coverage for the benefit of his son--he designated his mother as beneficiary until his son turns eighteen. Furthermore, even if the FEGLIA designation conflicted with the state district court's order, the FEGLIA statutes preempt any state law arising from the divorce decree, absent fraud. Metropolitan Life Ins. Co., 786 F.2d at 380. Hence, Adah Pablo is entitled to receive Mr. Pablo's FEGLIA proceeds. Adah Pablo is to hold the proceeds for the benefit of Devin Pablo until he reaches the age of eighteen.

In addition, I do not agree that NMSA § 45-7-201 (Repl. Pamp. 1995) confines exclusive jurisdiction for any claim regarding trusts to the district courts of New Mexico. Even if Mr. Pablo

intended to create a "trust" through his designation, interpreting the statute to confine jurisdiction to New Mexico courts would unconstitutionally limit the supplemental jurisdiction of this Court. See Wojciechowski v. Harriman, 607 F. Supp. 631, 633 (D.N.M. 1985) (holding provision which purports to confine exclusive original jurisdiction for any claim under the Tort Claims Act to the district courts of New Mexico unconstitutional to the extent it acts to limit pendent jurisdiction of a federal district court over entities not entitled to Eleventh Amendment immunity.)  As such, Defendant Hilda Pablo and Devin Pablo's motion for summary judgment will be denied.  I will not order the funds be transferred to the Second Judicial District Court in Bernalillo County, New Mexico.

Finally, I decline to appoint a guardian ad litem for Devin Pablo, pursuant to Fed. R. Civ. P. 17(c), because I find the appointment unnecessary.  The provisions of Rule 17(c) permit, but do not compel, a court to appoint a guardian ad litem for an unrepresented minor.  6A Charles A. Wright, Arthur R. Miller, and Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE § 1569 (1990 ed.).  I find that Devin Pablo's interests in this matter have been adequately represented by his mother, Hilda Pablo and his grandmother, Adah Pablo.

Wherefore,

**IT IS ORDERED** that Defendant Adah G. Pablo's Motion for Summary Judgment be, and hereby is, **granted**.  Summary judgment will be entered for Adah G. Pablo and against Hilda Pablo and Devin Pablo.

**IT IS FURTHER ORDERED** that Hilda Pablo and Devin Pablo's Motion for Summary Judgment be, and hereby is, **denied**.

**IT IS FURTHER ORDERED** that the Metropolitan Life Insurance proceeds of Arthur Pablo be distributed from the Court registry to Adah G. Pablo to hold for the benefit of Devin Pablo until he reaches the age of eighteen.  There being no further matter at issue before this Court, this case is dismissed in its entirety.

DATED this 16th day of June, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Defendant         Jane A. Laflin
 Adah G. Pablo:               Butt, Thornton & Baehr
                              Albuquerque, New Mexico

Counsel for Defendants        Wycliffe V. Butler
 Hilda and Devin Pablo:       Albuquerque, New Mexico